UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PAUL R. FETROW,

       Petitioner,

-vs-                                            Case No.  8:08-CV-1834-T-27TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

## ORDER

Petitioner, an inmate in a Florida penal institution proceeding *pro se*, initiated this action by

filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging

convictions for 2 counts of burglary of a dwelling, burglary of a conveyance, and 2 counts of petit

theft entered in 2004 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt.

1), and a memorandum of law in support of the petition (Dkt. 2).  Respondent filed a response to the

petition. (Dkt. 9).  Petitioner filed a reply to Respondent's response. (Dkt. 14).  He also filed a

Notice of Correction of Case Authority (Dkt. 17), and a Notice of Supplemental Authority  (Dkt.

18).[1]  After consideration of the preceding documents and applicable law, Petitioner's petition is

---

[1]On April 27, 2011, Petitioner also filed his "Motion for Leave of Court to Obtain Discovery" (Dkt. 19).
Rule 6 of the Rules Governing § 2254 cases provides that a judge may authorize a party to conduct discovery if the
requesting party shows good cause for conducting discovery. See Rule 6(a), Rules Governing § 2254 Cases. A
habeas petitioner, however, "is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904
(1997).  "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are
fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the
necessary facilities and procedures for an adequate inquiry." 520 U.S. at 908-09 (citation and quotation omitted).
Because it is apparent from the record that Grounds One, Two, and Four of the petition are procedurally barred, and

DENIED.

## PROCEDURAL HISTORY

On July 17, 2003, Petitioner was charged by Information with 2 counts of burglary of a dwelling, 1 count of burglary of a conveyance, and 2 counts of petit theft. (Respondent's Ex. A-1). On March 29, 2004, Petitioner pleaded guilty to all charges pursuant to a plea agreement. (Respondent's Ex. A-3). Petitioner was sentenced to concurrent sentences of 15 years in prison as a Prison Releasee Reoffender ("PRR") with a 15-year mandatory minimum and fined $25,000 and a 5% surcharge of $1250 on each of the burglary of a dwelling counts. (Respondent's Ex. A-5). He was sentenced to time served on the remaining three counts. (Id. at p. 25).

On May 24, 2004, Petitioner filed a post-conviction motion to mitigate or reduce sentence pursuant to Florida Rule of Criminal Procedure 3.800(c) in the state circuit court, that was denied on May 27, 2004. (Respondent's Ex. B-1).

On July 20, 2004, Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state circuit court. (Respondent's Ex. C-1). The state circuit court denied ground one of the motion, and ordered the State to respond to grounds 2 and 3 of the motion. (Respondent's Ex. C-2). On February 28, 2005, an evidentiary hearing was held on grounds 2 and 3 of Petitioner's Rule 3.850 motion. (Respondent's Ex. C-3). During the evidentiary hearing, Petitioner requested the court allow him to present an additional issue, to wit, a challenge to his sentence as a PRR. (Id. at transcript pp. 3-5). On March 18, 2005, the circuit court issued its order

---

Ground Three does not state a ground for relief that is cognizable under § 2254, Petitioner has not demonstrated reason to believe that if allowed to conduct discovery he will be able to demonstrate that he is entitled to relief. Thus, he has fallen short of the showing he must make in order to be granted leave to conduct discovery.

in which it denied ground 2 of the Rule 3.850 motion, and granted ground 3 of the motion, striking the $50,000.00 fine. (Respondent's Ex. C-4). On December 5, 2004, the appellate court per curiam affirmed. (Respondent's Ex. D-3); *Fetrow v. State*, 919 So. 2d 444 (Fla. 2d DCA 2005) [table].

On April 12, 2006, Petitioner filed a second Rule 3.850 post-conviction motion. (Respondent's Ex. E-1). On June 13, 2006, he filed a motion to supplement his second Rule 3.850 motion. (Respondent's Ex. E-2). On March 14, 2007, the circuit court denied Petitioner's second Rule 3.850 motion, including the claims raised in Petitioner's motion to supplement. (Respondent's Ex. E-3). On February 1, 2008, the appellate court per curiam affirmed. (Respondent's Ex. F-1); *Fetrow v. State*, 976 So. 2d 1104 (Fla. 2d DCA 2008) [table].

Petitioner filed the instant federal habeas petition in this Court on September 15, 2008. (Dkt. 1). Petitioner raises four claims:

1. His guilty plea was involuntary because the trial court failed to ensure Petitioner was aware of the rights he was waiving by pleading guilty.

2. His guilty plea was coerced because the State threatened him into accepting the plea agreement, and the trial court failed to ensure his guilty plea was not coerced.

3. His sentence is illegal because the Prison Releasee Reoffender Punishment Act violates the separation of powers clause of the United States Constitution.

4. The trial court violated due process by failing to ensure that he was aware of the nature of his offenses.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be

highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law, including constitutional issues, must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362, 386 (2000). It is not enough that the federal courts believe that the state court was wrong; the state court decision must have been "objectively unreasonable."    *Id.*; *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is

4

applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11ᵗʰ Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

"The Supreme Court has explained the doctrine of procedural default as follows: 'In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Brown v. McDonough*, 200 Fed. Appx. 885, 887 (11th Cir. 2006) (unpublished opinion) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "Procedural default arises when 'the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred.'" *Id.* (quoting *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *see id.* at 1307 (Carnes, J., concurring)).

As noted above, procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting

5

his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

## DISCUSSION

Respondent asserts that all the claims in the instant federal habeas petition are procedurally defaulted because Petitioner raised them in state court in his second Rule 3.850 post conviction motion, and they were denied as procedurally barred.  This Court agrees that Grounds One, Two, and Four are procedurally defaulted.  Ground Three, however, is not procedurally defaulted.

6

Before a claim is procedurally barred from federal review, a state court must reject reviewing the claim based on the procedural deficiency.

> Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: "The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case."

*Harris v. Reed*, 489 U.S. 255, 262 (1989), *quoting Caldwell v. Mississippi* , 472 U.S. 320, 327 (1985). Also, the court must state that it is enforcing the procedural rules. "[I]f 'it fairly appears that the state court rested its decision primarily on federal law, this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris v. Reed* , 489 U.S. at 261, quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Consequently, citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v. Reed*, 489 U.S. at 266. *See also Alderman v. Zant* , 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994).

Respondent argues that the state court ruled that Petitioner procedurally defaulted all of the grounds raised in the instant petition. Consequently, the initial question is whether the state court issued a "plain statement" applying the independent and adequate state procedural bar to the claims. This Court finds that it did as to Grounds One, Two, and Four, but did not as to Ground Three.

In Ground One, Petitioner alleges that his guilty plea was involuntary because the trial court failed to ensure Petitioner was aware of the rights he was waiving by pleading guilty. In state court,

Petitioner included this claim (and other claims) in Ground One of his second Rule 3.850 post conviction motion (Respondent's Ex. E-1 at pp. 7-20). The state post conviction court treated this claim as ground two of Petitioner's Rule 3.850 motion (Respondent's Ex. E-3). The state post conviction court determined that Petitioner did not demonstrate fundamental error.[2] Thus, it applied Florida's procedural rule foreclosing Petitioner's raising the claim in a successive Rule 3.850 motion,[3] and denied the claim as both successive and without merit.[4] As such, this claim is procedurally barred from review by this Court as it was found to be procedurally barred by the state court.[5] Thus, absent an exception to the procedural default bar, Ground One is barred from review by this Court.

---

[2]In Florida, "[w]here an error is fundamental, it may be raised for the first time at any point, including a post-conviction proceeding." *Bedford v. State*, 970 So. 2d 935, 938 (Fla. 4th DCA 2008). It appears that the state post conviction court treated claims of "fundamental error" as "exceptions to the two-year limitation period under Rule 3.850(b)(2)" (Respondent's Ex. E-3 at p. 4), and as exceptions to the prohibition against successive motions (Id. at p. 3). In Florida, "one of the grounds for filing a motion beyond the normal two-year period is that 'the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.'" *Hughes v. State*, 22 So. 3d 132, 137 (Fla. 2d DCA 2009) (quoting Fla. R. Crim. P. 3.850(b)(2)). Fundamental error, however, is not a valid ground for an untimely post conviction motion. *Id.* Further, Rule 3.850(f) does not expressly provide an exception to the prohibition against successive motion for claims of fundamental error. See Fla. R. Crim. P. 3.850(f) ("Successive Motions. --A second or successive motions may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules."). Regardless, even if an exception exists for claims of fundamental error, the state post conviction court determined that Petitioner's claims did not amount to fundamental error.

[3]"Rule 3.850 imposes a procedural bar to successive motions for such relief when the issue could have been raised in a previous motion[.]" *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990).

[4]Even if the Florida courts address the merits of claims in the alternative, the state procedural rule stands. "Where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *See Alderman v. Zant*, 22 F.3d 1541, 1550 n. 10 (11th Cir. 1994)(collecting cases), *cert. denied*, 513 U.S. 1061 (1994); *see also, Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir.), *cert. denied*, 490 U.S. 1071 (1989).

[5]The appellate court affirmed without opinion (Respondent's Ex. F-1). The per curiam affirmance, although silent on this issue, is presumed to rest on the same ground as the last reasoned decision addressing the question, in this case the procedural bar, an adequate and independent state ground. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991).

In Ground Two, Petitioner alleges that his guilty plea was coerced because the prosecutor threatened and coerced him into accepting the plea agreement, and the trial court failed to ensure that his guilty plea was not coerced. In state court, Petitioner included this claim in Ground One of his second Rule 3.850 post conviction motion (Respondent's Ex. E-1 at pp. 7-20). The state post conviction court treated this claim as ground one of Petitioner's Rule 3.850 motion (Respondent's Ex. E-3). The state post conviction court determined that Petitioner did not demonstrate fundamental error. The court then specifically found the claim procedurally barred. "Rather, the Court finds Defendant's claim is both successive and procedurally barred because it involves an allegation of prosecutorial misconduct. A claim of prosecutorial misconduct is an appellate issue, and is not cognizable in a motion for post-conviction relief. *See Brown v. State*, 894 So. 2d 137, 145 (Fla. 2004)." (Id. at p. 4).[6] Consequently, Ground Two is procedurally defaulted. Thus, absent an exception to the procedural default bar, Ground Two is barred from review by this Court.

In Ground Four, Petitioner asserts that the state trial court violated due process by failing to ensure that Petitioner was aware of the nature of his offenses before entering his guilty plea. In state court, Petitioner raised this claim in Ground Two of his second Rule 3.850 post conviction motion (Respondent's Ex. E-1 at pp. 21-34). The state post conviction court treated this claim as one of two claims in ground two of Petitioner's Rule 3.850 motion (Respondent's Ex. E-3). The state post conviction court determined that Petitioner did not demonstrate fundamental error. Thus, it applied

---

[6]In Florida, involuntary plea claims based on prosecutorial coercion may be raised in a Rule 3.850 motion. *See Dooley v. State*, 789 So. 2d 1082 (Fla. 1st DCA 2001). Federal claims raised in a federal habeas petition are not barred by procedural default when the state court incorrectly applies its own procedural default law. *Brown v. McDonough*, 200 Fed. Appx. at 887. Nevertheless, even if the state post conviction court incorrectly determined that Petitioner's involuntary plea claim was not cognizable in a Rule 3.850 motion, the court correctly determined that the claim was successive because Petitioner could have raised the claim in his first Rule 3.850 motion. *See Harmon*, 894 F.2d at 1270 ("Rule 3.850 imposes a procedural bar to successive motions for such relief when the issue could have been raised in a previous motion[.]").

9

Florida's procedural rule foreclosing Petitioner's raising the claim in a successive Rule 3.850 motion, and denied the claim as both successive and without merit. As such, this claim is procedurally barred from review by this Court as it was found to be procedurally barred by the state court. Thus, absent an exception to the procedural default bar, Ground Four is barred from review by this Court.

Because Petitioner procedurally defaulted Grounds One, Two, and Four, review of these claims is barred unless Petitioner can establish either (1) "cause for the default and prejudice attributable thereto" or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. at 262.

To demonstrate "cause" for his procedural default, Petitioner must show why he failed to comply with Florida's procedural rules. First, Petitioner argues that he did not raise these claims in his first Rule 3.850 motion because a prison law clerk misadvised him (Dkt. 14 at pp. 3-4). "A petitioner's reliance on the assistance and erroneous advice of an inmate clerk fails to establish extraordinary circumstances necessary to excuse a procedural default." *Wilson v. Giles*, 2007 U.S. Dist. LEXIS 32174, at *15-16 (M.D. Ala. Apr. 3, 2007) (citing *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law.")).

Second, to the extent Petitioner asserts that he "was indigent, a complete lay man [sic] in the

10

areas of jurisprudence..." (see Dkt. 14 at p. 4), his *pro se* status and ignorance of the law fails to establish cause for a procedural default. *Harmon*, 894 F.2d at 1274-75.[7]

Third, Petitioner asserts that these claims were unknown to him at the time he filed his first Rule 3.850 motion (Dkt. 14 at p. 4). He states that these claims "could not have been known to him as they were discovered only after receiving a copy of his sentencing [sic] transcripts in [sic] which were not received until after [he] filed his intitial [sic] 3.850 Motion, July 20, 2004, and due to his indigent status, and the fact of his incarceration[.]" (Id. at p. 5). Essentially, Petitioner asserts that his lack of a transcript of the guilty plea proceedings at the time he prepared his first Rule 3.850 motion is a sufficient reason to excuse his failure to raise all of his claims for relief at that time.

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's [or Petitioner's] efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "An external impediment includes interference by state officials that prevented a petitioner from raising a claim." *Ward v. Hall*, 592 F.3d 1144, 1176 (11th Cir. 2010) (citations and internal quotations omitted). An external impediment also includes "the reasonable unavailability of the factual basis for the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Petitioner does not show that state officials prevented him from raising his claims. He does not allege that prior to filing his first Rule 3.850 motion, he requested transcripts, but his request was denied. In fact, Petitioner does not assert what efforts, if any, he made to obtain transcripts prior to filing his initial Rule 3.850 motion. Nor has he alleged or made any showing "that there were not

---

[7]The Court notes that "[a] pro se petitioner is not exempted from the cause and prejudice requirement of *Sykes*." *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992).

available to him alternative devices that would have fulfilled the same functions as the transcript.*"* *McCoy v. Newsome*, 953 F.2d at 1260 (citing *Britt v. North Carolina*, 404 U.S. 226 (1971)).  Thus, Petitioner "has not met his burden in showing that he was denied access to the transcript by a factor beyond his control." *Id*. *See also Hill v. Terry*, 2010 U.S. Dist. LEXIS 64303, 2010 WL 2604693, at *4 (S.D. Ga. Feb. 25, 2010) (finding petitioner's claims procedurally defaulted because petitioner failed to show (1) that he pursued his trial transcript diligently and (2) that he was denied access to the transcript by a factor beyond his control by establishing, for example, that the state denied a request for the transcript).

Moreover, Petitioner fails to establish cause because the factual and legal basis of these claims were available to him at the time he filed his first Rule 3.850 motion.  Petitioner could have presented his claim that the prosecutor coerced or pressured him into pleading guilty without access to a transcript because he was present when the prosecutor "threatened" him, and he did not need a transcript to know whether he was coerced into pleading guilty.[8]  Likewise, Petitioner could have cited to occurrences before the trial court at the guilty plea proceeding which supported his claims without access to the transcript as Petitioner was present at that proceeding, and engaged in a colloquy with the court concerning his plea (Respondent's Ex. A-4).  *See Forest v. Delo*, 52 F.3d 716, 720 (8th Cir.1995) (the delay in providing the transcript of the initial plea hearing did not constitute cause to excuse the prisoner's procedural default because it was not unfair or unreasonable to have required that the prisoner rely on his memory of a brief courtroom proceeding and to have attributed to him the ability to recall the alleged judicial coercion).  Petitioner's lack of a transcript

---

[8]In fact, the prosecutor's alleged threats would not have been in the transcript as Petitioner asserts that the threats were made "during a break in his plea hearing[.]" (Respondent's Ex. E-1 at p. 10).

12

did not prohibit him from raising these claims in his first Rule 3.850 motion. Consequently, Petitioner's procedurally defaulted claims are barred from federal review unless he can meet the second test for overcoming the procedural defaults.

As an alternative to showing "cause and prejudice," a petitioner may show that dismissal of his procedurally defaulted grounds will result in a "fundamental miscarriage of justice." It requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. *See Smith v. Murray*, 477 U.S. 527, 537 (1986) (citing *Murray v. Carrier*, 477 U.S. at 496). A petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner does not argue "actual innocence" to overcome the procedural defaults. Nor has he produced any evidence demonstrating his actual innocence of the crimes. Instead, he merely argues that a coerced guilty plea amounts to a "fundamental miscarriage of justice." Thus, Petitioner has not demonstrated the applicability of the fundamental miscarriage of justice exception. Consequently, Grounds One, Two, and Four are procedurally barred from federal review.

In Ground Three, Petitioner asserts that his sentence is illegal because the Prison Releasee Reoffender Punishment Act ("PRRPA") violates the separation of powers clause of the United States Constitution. In state court, Petitioner raised this claim as Ground Six in his "Motion to Suppliment" [sic] (his second Rule 3.850 post conviction motion) (Respondent's Ex. E-2 at pp. 13-22). The state post conviction court treated this claim as ground six of Petitioner's second Rule 3.850 motion (Respondent's Ex. E-3). In denying the claim, the state post conviction court stated:

> In ground six of his Motions, Defendant alleges his sentence is illegal because

13

the PRR act, Florida Statute §775.082, is unconstitutional because it violates the doctrine of separation of powers. However, the Florida Supreme Court held Florida Statute §775.082(9) to be constitutional because it did not violate the state constitution's separation of powers clause. *See State v. Cotton*, 769 So. 2d 345 (Fla. 2000); *see also Grant v. State*, 770 So. 2d 655 (Fla. 2000). Therefore, Defendant's claim is not fundamental error because there was no change of law involving a fundamental constitutional right. *See Bell*, 585 So. 2d at 1126-1127. As such, the Court finds Defendant warrants no relief on ground six of his Motions.

(Respondent's Ex. E-3 at p. 7).

If the application of the procedural bar is not plainly stated in the state court's opinion, this Court must decline to apply a procedural bar and instead address the federal issue on the merits. *Coleman*, 501 U.S. at 734-35; *Harris*, 489 U.S. at 263. This Court concludes that there is no plain statement that the state post conviction court denied Petitioner's PRRPA claim as either successive or untimely.[9] Further, the state court addressed the claim on the merits.

Nevertheless, Petitioner's claim does not merit relief. Petitioner contends that the PRRPA violates the separation of powers clause of the United States Constitution. The separation of powers clause of the United States Constitution, however, is not applicable to the States. *See Whalen v. United States*, 445 U.S. 684, 690 n. 4 (1980) (citing *Dreyer v. Illinois*, 187 U.S. 71, 84 (1902) ("Whether the legislative, executive, and judicial powers of a state shall be kept altogether distinct and separate, or whether persons or collections of persons belonging to one department may, in respect to some matters, exert powers which, strictly speaking, pertain to another department of government, is for the determination of the state.")). *See also Pacheco v. Dugger*, 850 F.2d 1493 (11th Cir. 1988) (The "provisions of the federal constitution which delineate the powers of the three branches of the federal government have no application to the balance of powers in Florida's system

---

[9]In contrast, the state post conviction court's order contains plain statements denying Grounds Four and Five of the Rule 3.850 motion as "untimely and successive." (Respondent's Ex. E-3 at pp. 6-7).

of government, which is established in the state constitution.").

To the extent Petitioner may be asserting that the PRRPA violates Florida's separation of powers doctrine, that claim is only a matter of state law, and not cognizable on habeas review. A state's interpretation of its own laws provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."). It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) (citing *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Since Petitioner fails to state a ground for relief that is cognizable under § 2254, this claim is subject to dismissal.[10]

_____

[10]To the extent Petitioner argues, in the alternative, that his sentence as a prison releasee reoffender violated his equal protection rights because he is white, and whites are sentenced under the PRRPA more than any other race (Dkt. 1 at pp. 21-22), the claim is unexhausted because Petitioner failed to fairly present it to the state courts. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). Despite Petitioner's assertion to the contrary (see Dkt. 2 at p. 18), he did not fairly present an equal protection claim to the state court in Ground 6 of his "Motion to Suppliment" [sic] (Respondent's Ex. E-2 at pp. 13-22). He only presented a separation of powers claim (Id.). Petitioner has defaulted this claim by failing to raise it on direct appeal or in a timely Rule 3.850 motion. He is barred by the two-year limit of Rule 3.850 and the state's successive petition doctrine from now raising his ground in another Rule 3.850 motion. Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. Further, he has not shown that he is entitled to the fundamental miscarriage of justice exception.

Moreover, Petitioner's claim lacks merit. "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). In support of his equal protection claim, Petitioner asserts, in conclusory fashion, that more whites are sentenced under the PRRPA than any other race. "Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent." *Morton v. Allen*, 2011 U.S. Dist. LEXIS 65713, at *14 (M.D. Ala. May 23, 2011) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)). The allegations presented by Petitioner do not warrant an inference of discriminatory intent as the showing of a disparate impact (if there is one)

15

## EVIDENTIARY HEARING

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, it is **ORDERED**:

1. Petitioner's Motion for Leave of Court to Obtain Discovery (Dkt. 19) is **DENIED**.

2. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

3. The clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). (Id.). "A [COA] may issue... only if the applicant has made a substantial

---

alone is insufficient to demonstrate an equal protection violation. *See Snowden v. Hughes*, 321 U.S. 1, 8 (1944) ("The unlawful administration . . . of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."). *See also United States v. Byse*, 28 F.3d 1165, 1169 (11th Cir. 1994) ("Disparate impact of a facially neutral law on racial minorities, however, is insufficient to establish an equal protection violation unless the disparity 'can be traced to a discriminatory purpose.'") (quoting *Personnel Adm'r v. Feeney*, 442 U.S. 256, 272 (1979)).

showing of the denial of a constitutional right.  § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on ~~July 26th~~, 2011.

JAMES D. WHITTEMORE
United States District Judge

SA: sfc
Copy to:
Petitioner, *pro se*
Counsel of record